IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-73,294-01




EX PARTE RODNEY DEWAYNE GRANT, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 0015799 IN THE 8TH DISTRICT COURT
FROM HOPKINS COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted
of sexual assault of a child and sentenced to ten years’ imprisonment. He did not appeal his
conviction.
            Applicant contends that the prosecution failed to disclose evidence that the victim had
informed law enforcement prior to trial that this offense never occurred. 
            Applicant has alleged facts that, if true, might entitle him to relief. Brady v. Maryland, 373
U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963); Ex parte Kimes, 872 S.W.2d 700, 702-703 (Tex.
Crim. App. 1993). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.
            It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.
            The trial court shall make findings of fact as to whether the victim stated to law enforcement
personnel that this offense did not occur. If so, then the trial court shall make findings as to whether
that information was disclosed to the defense. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: January 27, 2010
Do not publish